IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PIERRE MARTISE HARRIS                                                                    PLAINTIFF

V.                                                             CAUSE NO. 3:19-CV-583-CWR-FKB

LT. DANIEL BARNETT, *et al.*                                                          DEFENDANTS

## ORDER

Before the Court is Defendants Daniel Barnett, Sergeant D. Hicks, Sergeant Updyke, Officer Jordan, and Sergeant Bridges'[1] (collectively the "Rankin County Defendants") Motion for Summary Judgment Premised on Plaintiff's Failure to Exhaust Grievance Procedure. Docket No. 30. For the reasons set forth below, the Court will deny the motion.

### I.   Background

Plaintiff Pierre Martise Harris, proceeding *pro se* and *in forma pauperis*, was being held at Rankin County Detention Center at the time of the events described in his complaint. On August 9, 2019, Harris signed his complaint alleging that the Rankin County Defendants beat him on two separate occasions while in restraints, causing injuries. The complaint was received and filed with the Court on August 20, 2019.

The Rankin County Defendants filed their Motion for Summary Judgment on March 16, 2020. Harris has not responded to the motion.

### II.   Applicable Law

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[1] The Court lists the Rankin County Defendants' names as they appear on the docket sheet. However, Defendants provide their real names, which are Daniel Barnett, Sergeant David Hicks, Sergeant Daniel Opdyke, Officer Jordan McQueary, and Sergeant Joshua Bridges, respectively.

to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The Fifth Circuit has held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272. Exhaustion is an affirmative defense, and thus, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id.* at 266.

**III.    Analysis**

The Rankin County Defendants assert that Harris did not exhaust the Rankin County Detention Center's three-step grievance procedure for pretrial detainees. *See* Docket No. 31-2. In his complaint, Harris acknowledges that the Rankin County Detention Center has an administrative process. However, he states that "I have been ignored [and] denied any exercising of this procedure by Lt. Barnett. For he is the officer who restraint me [sic] for the above named officials to assault me." Docket No. 1 at 7. Harris's complaint is a verified complaint and thus is before the Court as evidence at the summary judgment stage.

"[E]xhaustion is not required under the PLRA [where] there is no 'available' remedy." *Dillon*, 596 F.3d at 267 (quoting *Booth v. Churner*, 532 U.S. 731, 736 (2001)); *see also Days v.*

*Johnson*, 322 F.3d 863, 867–68 (5th Cir. 2003*)* (finding remedy "unavailable" when prisoner's injury prevented him from filing grievance). One way an "administrative remedy may be unavailable" is if "prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Brantner v. Freestone Cnty Sheriffs Off.*, 776 F. App'x 829, 833 (5th Cir. 2019).

Harris has presented evidence of a genuine issue of material fact about whether he was prevented from filing a grievance by Lt. Barnett, thus making exhaustion unavailable to him.[2] Though factual disputes regarding exhaustion can be resolved without a jury, the record does not yet include sufficient evidence to do so. Therefore, summary judgment premised on Harris not exhausting his administrative remedies is inappropriate at this time.

## IV.    Conclusion

For the above reasons, the Rankin County Defendants' motion is denied.

**SO ORDERED**, this the 11th day of March, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[2] Defendants' memorandum does not address Harris' assertion that Lt. Barnett prevented him from filing a grievance. They do, however, highlight that Harris did submit a grievance after this complaint was executed about an unrelated issue. *See* Docket No. 31 at 4-5.