IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PIERRE MARTISE HARRIS                                                                      PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:19-cv-583-CWR-FKB

LT. DANIEL BARNETT, SGT. DAVID
HICKS, SGT. DANIEL OPDYKE, OFFICER
JORDAN McQUEARY, SGT. JOSHUA
BRIDGES, and RN BUFFY CREEL                                                          DEFENDANTS

### REPORT AND RECOMMENDATION

This action is before the Court on the [48] Motion to Dismiss filed by Defendant Buffy Creel, RN. Plaintiff has submitted no response. Having considered the matter, the undersigned recommends that the motion [48] be granted in part and denied in part.

### I.   Background

At the time of the events giving rise to the complaint [1], Plaintiff Pierre Harris was a pretrial detainee at the Rankin County Detention Center. [1] at 1-3. Harris brings suit under 42 U.S.C. §1983, pursuant to the Prison Litigation Reform Act ("PLRA"), and maintains that on two separate occasions he was assaulted by one or more corrections officers in violation of his constitutional rights. *Id.* at 5-7. In addition, he claims that he was denied medical attention following both assaults. *Id.*

Defendant Buffy Creel, RN, has moved under Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff's entire suit against her based on (1) Plaintiff's failure to provide a 60-day written notice of intent to sue prior to filing the instant lawsuit as required by Miss. Code Ann. § 15-1-36(15); and (2) Plaintiff's failure to plead facts which, if taken as true, would establish a *prima facie* claim of medical negligence against Creel.

### II.   Motion to Dismiss Standard

A court must "dismiss [an *in forma pauperis*] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

1

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under the *in forma pauperis* statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted, if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F. App'x 435, 435 (5th Cir.2013) (per curiam) (internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court has permitted Harris to proceed *in forma pauperis* in this action, and his complaint [1] is subject to dismissal under § 1915 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III.   Analysis

Creel moves to dismiss *all* of Plaintiff's claims based on his failure to properly plead a negligence claim against her. The complaint [1] on its face, however, alleges that Creel denied medical care to the plaintiff, and that this denial rose to the level of constitutional violation. [1] at 5-7. According to the Fifth Circuit, "[w]hen the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights . . ." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (citations omitted). "To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety." *Id.* at 549 (citing *Stewart v.*

*Murphy*, 174 F.3d 530, 534 (5th Cir.1999)). "Deliberate indifference is *more than mere negligence* in failing to supply medical treatment." *Id.* (emphasis added) (citations omitted).

Plaintiff's failure to comply with the 60-day pre-suit notice requirement in Miss. Code Ann. § 15-1-36(15) for medical negligence claims does not bar his right to seek redress for constitutional violations under 42 U.S.C. § 1983. *See Seal v. Broadus*, Civil Action No. 1:08-cv-1495-HSO-JMR, 2009 WL 690680, at *2 (S.D. Miss. Mar. 9, 2009) ("The Court notes that Plaintiff has filed his suit pursuant to § 1983, and thus the mandates of Miss.Code Ann. § 15–1–36(15) . . . are inapplicable."). Creel's motion to dismiss all claims on this ground should be denied. However, to the extent Plaintiff asserts medical negligence claims, Creel is correct that they are barred at this time due to failure to comply with Miss. Code Ann. § 15-1-36(15) and should be dismissed without prejudice. *See Nelson v. Baptist Mem'l Hosp.-N. Mississippi, Inc.*, 972 So. 2d 667, 674 (Miss. App. 2007) ("[D]ismissal without prejudice was proper when a plaintiff failed to serve notice upon medical provider defendants at least sixty days before initiating an action."). Having found dismissal of Plaintiff's negligence claims proper, the issue of dismissal for failure to otherwise plead a *prima facie* negligence case is moot.

### IV.    Conclusion

Defendant Creel's Motion to Dismiss [48] should be granted in part and denied in part, with Plaintiffs' negligence claims dismissed without prejudice and Plaintiff's § 1983 claims permitted to proceed at this time.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.

28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of May, 2021.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE